UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-386-RJC

| | |
|---|---|
| SEDINA BRAKMIC, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
|     **Defendant.** ) | |

**THIS MATTER** comes before the Court on Defendant's Consent Motion for Remand under sentence four of 42 U.S.C. § 405(g). (Doc. No. 7). Under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Shalala v. Schaefer, 509 U.S. 292, 296–97 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of Defendant's request to remand this action for further administrative proceedings, the Court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further administrative proceedings, including a supplemental hearing.

Upon remand, the Administrative Law Judge ("ALJ") shall hold a supplemental hearing, take any action needed to complete the administrative record, and issue a new decision consistent

with Social Security regulations and this Order. Specifically, the ALJ is directed to: (1) consider, evaluate, and explain the weight afforded to all medical opinions in the record; (2) reevaluate Plaintiff's impairments, including Plaintiff's mental impairments, in accordance with Social Security regulations and Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); (3) conduct a thorough function-by-function analysis that explicitly indicates the weight given to all of the relevant evidence, including all medical opinions, resolves any conflicts between such evidence, and explicitly discusses Plaintiff's limitations related to her impairments; (4) further consider and evaluate Plaintiff's residual functional capacity ("RFC"), including her mental RFC; (5) reevaluate Plaintiff's credibility; and, if necessary, (6) obtain further vocational expert testimony. In conducting the function-by-function analysis, the ALJ must use "narrative discussion describing how the evidence supports each conclusion." Mascio, 780 F.3d at 636 (citing SSR 96-8p). A mere recitation of select evidence is not a sufficient substitute for the function-by-function analysis required by Mascio, particularly if there is contradictory evidence in the record.

Because this matter is hereby remanded to the Commissioner, Plaintiff's Motion for Summary Judgment, (Doc. No. 6), is moot and shall be dismissed.

**IT IS, THEREFORE, ORDERED** that, for good cause shown:

1. Defendant's Consent Motion to Remand under Sentence Four of 42 U.S.C. § 405(g), (Doc. No. 7), is **GRANTED**. The Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this case for further administrative proceedings.

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 6), is **DISMISSED as moot**.

3. The Clerk of Court is directed to enter a separate judgment pursuant to Federal

Rule of Civil Procedure 58 and to close this case.

Signed: March 22, 2016

Robert J. Conrad, Jr.
United States District Judge